# EXHIBIT A

**COSTELLO & MAINS, LLC**
By: Drake P. Bearden, Jr.
Attorney I.D. No. 039202009
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| MEGAN FRAZIER,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM SERVICES, INC.;<br>and JOHN DOES 1-5 AND 6-10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>MERCER COUNTY - LAW DIVISION<br><br>CIVIL ACTION<br><br>DOCKET NO:<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Megan Frazier, residing in the State of New Jersey by way of Complaint against the Defendants, says:

### Preliminary Statement

Plaintiff brings this suit pursuant to the New Jersey Law Against Discrimination ("LAD") alleging sexual harassment and constructive discharge.

### Identification of Parties

1. Plaintiff Megan Frazier was, at all time relevant herein, a resident of the State of New Jersey and a former employee of Defendant Amazon.com Services, Inc.

2. Defendant Amazon.com Services, Inc., (herein after referred to as "Amazon") was, at all times relevant herein, a corporation registered and operating in the State of New Jersey with its service of process address at Princeton South Corporate Center, Suite 106, 100 Charles Ewing Boulevard, Ewing, New Jersey 08628.

1

3. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff for the acts set forth herein.

### General Allegations

4. Plaintiff began working for Defendant in or around August 2019.

5. In or around September or October 2019, Plaintiff was working on the third floor when a co-worker named Abdul, asked Plaintiff "Do you know what you're doing this weekend? Because it's going to be with me. You don't know what you're in for. You're gonna get it."

6. When Abdul made these comments, referring to Plaintiff not knowing what she was in for and that she was going to get it, Abdul was referring to sex.

7. Abdul then went in to touch Plaintiff, and grabbed her buttocks.

8. Plaintiff reported this sexual harassment to a co-worker named Megan.

9. Megan told Plaintiff to make a report to human resources, which Plaintiff did.

10. After Plaintiff reported the incident to human resources, Plaintiff was told by an individual from human resources that they conducted an investigation and determined that there was nothing they could do about Abdul's conduct.

11. Plaintiff was out of work from Amazon for a period of in or around February 2020 to in or around May 17, 2020.

12. Plaintiff returned to Amazon on or around May 17, 2020.

13. During that time, Plaintiff was sexually harassed by another co-worker whose name Plaintiff does not know.

14. The individual who sexually harassed Plaintiff was, she believed, in his forties and very tall.

15. This individual asked Plaintiff whether she had a boyfriend and whether her boyfriend gave her massages.

16. The individual stated that he would "give you one every day," referring to massages.

17. The individual also asked Plaintiff whether she was pregnant or ever had a "pregnancy scare."

18. The individual also stated to Plaintiff that "I gotta get your number."

19. Plaintiff reported this sexually inappropriate conduct to the process assistant, Jason.

20. Plaintiff requested to Jason that she be permitted to work at a different station so that she would no longer be in contact with this individual.

21. When Plaintiff told Jason that she believed the individual's conduct was inappropriate Jason responded simply by saying "Yeah, I bet."

22. Due to the fact that Jason was not doing anything to stop the sexual harassment, Plaintiff then reported it to another process assistant, Damion.

23. Damion then contacted the manager, Henri, who filed a formal complaint with human resources.

24. The following day, the individual who harassed Plaintiff was in a different station but still very close to Plaintiff.

25. The individual approached Plaintiff again and said "You didn't give me your phone number."

26. After this harassment, another individual who is in his early twenties also began to sexually harass Plaintiff.

27. This individual said to Plaintiff "If you have sex with me, your life will be changed forever."

28. In mid-June 2020, Plaintiff again reported this incident and the other incidents of sexual harassment to human resources.

29. Plaintiff stated to human resources that she should not have to work with men who are sexually harassing her.

30. Eventually, due to human resources' failure to take any conduct to stop the sexual harassment, Plaintiff had no other choice but to resign her employment with Defendants.

31. At the time of her constructive discharge, Plaintiff was capable of performing her job duties up to and above expectation.

32. All the sexual harassment made to Plaintiff was unwelcomed.

33. Plaintiff is a female.

34. All harassment herein is alleged to be severe or pervasive.

35. All harassment herein is alleged to have been because of Plaintiff's sex and/or gender.

36. All harassment set forth herein is such that a reasonable woman in Plaintiff's circumstance would have found her work environment altered to have become hostile, intimidating or abusive.

37. Plaintiff's work environment did so alter.

38. The harassment was purposeful, intentional and willful, and either undertaken by members of upper management, in fact and in law, and/or members of upper management were willfully indifferent to the harassment.

4

39. Because the harassment was intentionally egregious, and because members of upper management were willfully indifferent to the harassment, punitive damages are warranted.

40. Defendant Amazon is responsible for the harassment because it failed to reasonably promulgate a policy prohibiting the same.

41. Defendant Amazon is further liable in this matter because it knew or should have known about the harassment, and failed to take prompt and effective remedial measures to stop it.

42. Defendant Amazon is further liable in this matter because Defendant delegated to many of the harassing employees the authority to control the work environment, and the harassing employees abused that authority to create the hostile work environment.

43. The sexual harassment Plaintiff was subjected to, and Defendants' failure to do anything to stop the harassment was such that no reasonable woman could have been expected to remain employed with Defendant given those circumstances.

44. As a result of the unlawful conduct outlined above, Plaintiff has been forced to suffer both economic and non-economic harm.

## COUNT I

### Sexual Harassment Under the LAD

45. Plaintiff hereby repeats and re-alleges paragraphs 1 through 44, as though fully set forth herein.

46. The conduct set forth above constitutes sexual harassment and is the responsibility of Defendant in both compensatory and punitive damages.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and

personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT II

### Constructive Discharge Under the LAD

47. Plaintiff hereby repeats and re-alleges paragraphs 1 through 46, as though fully set forth herein.

48. Plaintiff was subjected to sexual harassment that no reasonable woman in Plaintiff's situation would have been expected to endure.

49. As such, Plaintiff was constructively discharged in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT III

### Request for Equitable Relief

50. Plaintiff hereby repeats and re-alleges paragraphs 1 through 49 as though fully set forth herein.

51. Plaintiff requests the following equitable remedies and relief in this matter.

52. Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

53. Plaintiff requests that this Court order the defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

54. To the extent that plaintiff was separated from employment and to the extent that the separation is contested herein, plaintiff requests equitable reinstatement, with equitable back pay and front pay.

55. Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the plaintiff.

56. Plaintiff requests that the Court equitably order the defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

57. Plaintiff requests that the Court order the defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

58. Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable

reinstatement, and any other relief the Court deems equitable and just.

                                      **COSTELLO & MAINS, LLC**

Dated: February 17, 2021           By: */s/ Drake P. Bearden, Jr.*
                                          **Drake P. Bearden, Jr.**

## DEMAND TO PRESERVE EVIDENCE

1. All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

COSTELLO & MAINS, LLC

By: */s/ Drake P. Bearden, Jr.*
**Drake P. Bearden, Jr.**

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

COSTELLO & MAINS, LLC

By: */s/ Drake P. Bearden, Jr.*
**Drake P. Bearden, Jr.**

9

## RULE 4:5-1 CERTIFICATION

1. I am licensed to practice law in New Jersey and am responsible for the captioned matter.

2. I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**

By: */s/ Drake P. Bearden, Jr.*
**Drake P. Bearden, Jr.**

## DESIGNATION OF TRIAL COUNSEL

Drake P. Bearden, Jr., Esquire, of the law firm of Costello & Mains, LLC, is hereby-designated trial counsel.

**COSTELLO & MAINS, LLC**

By: */s/ Drake P. Bearden, Jr.*
**Drake P. Bearden, Jr.**

# Civil Case Information Statement

## Case Details: MERCER | Civil Part Docket# L-000352-21

**Case Caption:** FRAZIER MEGAN VS AMAZON.COM SERVICES, INC.
**Case Initiation Date:** 02/17/2021
**Attorney Name:** DRAKE P BEARDEN JR
**Firm Name:** COSTELLO & MAINS, LLC
**Address:** 18000 HORIZON WAY STE 800
MT LAUREL NJ 080544319
**Phone:** 8567279700
**Name of Party:** PLAINTIFF : FRAZIER, MEGAN
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: MEGAN FRAZIER?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
   **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/17/2021                                                        /s/ DRAKE P BEARDEN JR
Dated                                                                                     Signed

```
MERCER COUNTY COURTHOUSE
CIVIL CASE MANAGMENT OFFICE
175 SOUTH BROAD ST P O BOX 8068
TRENTON        NJ 08650-0068
                                          TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (609) 571-4200
COURT HOURS  8:30 AM - 4:30 PM

                          DATE:    FEBRUARY 17, 2021
                          RE:      FRAZIER MEGAN  VS AMAZON.COM SERVICES,  INC.
                          DOCKET:  MER L -000352 21

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON DOUGLAS H. HURD

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    050
AT:  (609) 571-4200 EXT 74432.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                          ATTENTION:
                                     ATT: DRAKE P. BEARDEN
                                     COSTELLO & MAINS, LLC
                                     18000 HORIZON WAY STE 800
                                     MT LAUREL       NJ 08054-4319

ECOURTS
```